UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAITH M. DANKE,

    Plaintiff,

v.                                            Case No. 8:24-cv-2747-CPT

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff Faith M. Danke's *Notice of Voluntary Dismissal with Prejudice* (Doc. 36), which the Court construes as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), *see Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 3718184, at *1 (11th Cir. Aug. 8, 2024) ("[A] district court may construe a . . . stipulation of voluntary dismissal as a Rule 41(a)(2) motion to voluntarily dismiss[.]")[1] (citing *Sanchez v. Disc. Rock & Sand, Inc.*, 84 F. 4th 1283, 1292 (11th Cir. 2023)). For the reasons discussed below, Danke's construed motion is granted.

By its terms, Rule 41(a)(2) authorizes a district court to dismiss an action "at [a] plaintiff's request" and "on terms that the court considers proper." Fed. R. Civ. P.

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

41(a)(2). A district court's task in evaluating a Rule 41(a)(2) motion "is to 'weigh the relevant equities and do justice between the parties.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)). This includes imposing such costs and attaching such conditions to the dismissal as are appropriate. *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015); *McCants*, 781 F.2d at 857.

That said, a motion for a voluntary dismissal under Rule 41(a)(2) should generally be awarded "unless [a] defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias*, 776 F.3d at 1268; *see also Goodwin*, 757 F.3d at 1219 (stating that a voluntary dismissal may be improper "if it would cause [a] defendant to lose a substantial right") (internal quotation marks and citation omitted). The determination as to whether a defendant will be subject to such harm depends upon several factors, including "the defendant's effort and expense . . . [in] prepar[ing] for trial," whether there has been an "excessive delay and lack of diligence [by the plaintiff] . . . in prosecuting the action," whether the plaintiff has offered an "insufficient explanation for . . . [the sought-after] dismissal," and whether the defendant has filed a motion for summary judgment. *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000). Another pertinent consideration is whether the plaintiff's counsel has acted in bad faith. *Goodwin*, 757 F.3d at 1219 (citation omitted). Importantly, however, it is not a "bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* (citation omitted). In the end, a district court is vested with "broad discretion" in

2

deciding whether to grant a voluntary dismissal pursuant to Rule 41(a)(2) and under what terms. *Arias*, 776 F.3d at 1268; *McCants*, 781 F.2d at 857.

Applying these principles here, the proposed dismissal seems to be adequately supported. There is no indication, for example, that Defendant Standard Fire Insurance Company (Standard Fire) has expended substantial money and resources to this point to get ready for trial, that Danke has dragged her feet in litigating the matter, or that her counsel is acting in bad faith. Nor has Standard Fire filed a motion for summary judgment. In short, a dismissal does not appear to be adverse to Standard Fire's interests. *See City of Jacksonville, Neighborhood Code Enf't Div. v. Jacksonville Hosp. Holdings L.P.*, 2024 WL 2186089, at *2 (11th Cir. May 15, 2024) (noting that "[t]he crucial question" is whether a defendant would "lose any substantial right by the dismissal") (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)[2]) (internal quotation marks omitted).

In light of the above, Danke's construed Rule 41(a)(2) motion (Doc. 36) is granted, and this case is dismissed with prejudice.

SO ORDERED in Tampa, Florida, this 6th day of August 2025.

*/s/ Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Copies to:
Counsel of record